IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     CASE NO. 1:93-cr-01029-MP

RAY EPPS,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 303, Motion Reimbursement of Funds, filed by the defendant, Ray Epps. In his motion, Defendant requests that the Court order the government to reimburse him for $36,650.00 in payments he made toward his Court-imposed fine of $38,600.00. Defendant states that the money for these payments came from benefits paid to Mr. Epps by the Department of Veteran Affairs ("VA")--benefits the VA later told him should not have been paid ("unearned benefits"). Since the VA discovered that it had been paying unearned benefits to Defendant, the VA has been withholding $300.00 from his monthly benefits check in order to pay down Defendant's debt to the VA. Although the grounds for the requested reimbursement are not entirely clear, Defendant appears to be arguing that the VA benefits he diverted toward his fine should not have been accepted by the government, because no such benefits were due to Defendant at the time.

On May 29, 2009, the Court ordered the government to file a response to Defendant's motion. Doc. 304. Because of the age of this case, the electronic notice listing for the United States Attorney's Office was out of date, and no paper copy of the order was forwarded to the

government.  As a result, the government was not aware of the Court's order and did not file a timely response.  The government has now moved, however, for leave to file late.  There being good cause for the government's late filing, the government's motion (Doc. 306) is GRANTED, and its response (Doc. 305) is accepted.

In its response, the government stresses that Defendant's criminal fine and his debt for VA benefits overpayment are two separate debts.  It also notes that, on April 17, 2000, the government filed a motion (Doc. 300) to remit the unpaid balance of Defendant's criminal fine on the grounds that Defendant had paid a significant portion of the fine, his benefits were being reduced, and the government determined that it was unlikely to obtain further significant payments toward his fine.  The Court granted the government's motion on May 1, 2000.  Doc. 301.  Had the VA not paid Defendant the unearned benefits, the government states that it would not have filed a motion to remit the unpaid balance of Defendant's criminal fine, leaving Defendant with even more debt.

In any event, Defendant has not presented sufficient legal justification for granting the requested relief.  The Court has already remitted the unpaid balance of Defendant's criminal fine and finds no reason to reimburse the amount paid.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for Reimbursement of Funds (Doc. 303) is DENIED.

**DONE AND ORDERED** this _17th_ day of July, 2009

_s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge